IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:14-HC-2124-FL

| | |
|---|---|
| FERNANDEZ KABRER TAFT, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| TOMMY CASPELLOE, ) | |
| ) | |
| Respondent. ) | |

This matter, brought pursuant to 28 U.S.C. § 2254, comes now before the court on respondent's motion for summary judgment (DE 6) under Federal Rule of Civil Procedure 56. Petitioner responded, and in this posture, the issues raised are ripe for adjudication. For the following reasons, the court grants respondent's motion.

**STATEMENT OF CASE**

On September 30, 2011, petitioner was convicted in the Martin County Superior Court of voluntary manslaughter, assault with a deadly weapon inflicting serious injury, and discharging a firearm into an occupied vehicle, following a jury trial at which he was tried with his brother and co-defendant Frederick Karl Taft, Jr. ("F. Taft"). State v. Taft, No. COA-12-646, 2013 WL 602999, at *2 (N.C. App. Feb. 19, 2013) (unpublished). Petitioner was sentenced to the following three terms of imprisonment, 51 to 71months, 31 to 47 months, and 51 to 71 months. Id. The sentencing court ran petitioner's last two terms of imprisonment concurrently and consecutive to the first term of imprisonment. Id.

Petitioner appealed, and, on February 19, 2013, the North Carolina Court of Appeals issued an order finding no error. 2013 WL 602999 at *5. On June 12, 2013, the North Carolina Supreme Court dismissed petitioner's notice of appeal and denied discretionary review. State v. Taft, 743 S.E.2d 200 (2013).

On June 8, 2014, petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner alleged the following claims: (1) his conviction and sentence are constitutionally invalid pursuant to the United States Supreme Court's decision in Jackson v. Virginia, 443 U.S. 307 (1979), because the state's own evidence established perfect self-defense; (2) he was denied his rights pursuant to the Due Process Clause of the Fourteenth Amendment to the United States Constitution when the trial court issued an inaccurate, incomplete, and misleading instruction on self-defense; and (3) he received ineffective assistance of counsel because his trial attorney failed to object to a self-defense instruction that was legally erroneous and lowered the state's burden of proof. On July 15, 2014, respondent filed a motion for summary judgment arguing that petitioner's claims are without merit. The motion was fully briefed.

**STATEMENT OF FACTS**

The facts as stated by the North Carolina Court of Appeals are summarized as follows:

> On 27 July 2009, warrants were issued for the arrest of defendants as a result of a 23 May 2009 shootout. Defendants were thereafter arrested. On 2 February 2010, defendants were each indicted on charges of murder, assault with a deadly weapon with intent to kill and inflicting serious injury, and discharging a weapon into an occupied vehicle while in operation. Defendant 1[1] was additionally indicted on charges of attempted murder and possession of a firearm by a felon. The charges against defendant 1 and defendant 2 were

---

[1] The North Carolina Court of Appeals refers to petitioner's brother and co-defendant Frederick Karl Taft, Jr. as defendant 1 and petitioner as defendant 2. See Taft, 2013 WL 602999 at *1.

2

joined for trial and came on to be tried before a jury at the 26 September 2011 Criminal Session of Martin County Superior Court, the Honorable Wayland J. Sermons, Jr., presiding.

Testimony proffered by the State at trial tended to show that the 23 May 2009 shootout stemmed from a dispute earlier that day between defendant 2 and two males, Jarrell Lovette ("Lovette") and Gregory Collier ("Collier"). The dispute arose when defendant 2 took a firearm from Lovette and Collier, who were trying to sell the firearm outside of a convenience store in Hamilton, North Carolina, and refused to return the firearm. As a result of the altercation, on the night of 23 May 2009, Lovette, Collier and two of their acquaintances, Patrick Staton ("Staton") and Travonn Barnes ("Barnes"), traveled by vehicle from Hamilton to defendants' residence in Oak City, North Carolina.

Upon their arrival in Oak City, Staton drove the vehicle by defendants' residence at least one time before the shootout began. Staton then circled back around the block and slowed the vehicle to approximately fifteen miles per hour as they approached defendants' residence for another pass. Collier, Lovette, and Staton testified that they did not see anyone outside defendants' residence on their first pass. However, testimony indicated that defendants were waiting outside their residence with pistols in their hands when the vehicle approached for the subsequent pass.

It is unclear from the testimony proffered at trial who fired the first shots. Lovette and Staton testified that the first shots came from inside the vehicle. However, Collier offered contradictory testimony that the first shots came from outside the vehicle as the vehicle approached defendants' residence. Regardless of who fired the first shots, the evidence tended to show that Barnes, Collier, and Lovette fired shots from the vehicle and defendant 1 and defendant 2 each fired shots at the vehicle.

During the exchange of gunfire, Barnes and Collier were shot. Barnes, who was riding in the rear driver side seat, was struck in the head and killed. Collier, who occupied the rear passenger side seat, was struck in the neck and is now a quadriplegic.

Taft, 2013 WL 602999, at *1-2.

**DISCUSSION**

A.  Summary Judgment

    1.  Standard of Review

Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate that there exists a genuine issue of material fact requiring trial. Matsushita Elec. Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 250.

The standard of review for habeas petitions brought by state inmates, where the claims have been adjudicated on the merits in the state court, is set forth in 28 U.S.C. § 2254(d). That statute states that habeas relief cannot be granted in cases where a state court considered a claim on its merits unless the decision was contrary to or involved an unreasonable application of clearly established federal law as determined by the United States Supreme Court, or the state court decision was based on an unreasonable determination of the facts. See 28 U.S.C. § 2254(d)(1) and (2). A state court decision is "contrary to" Supreme Court precedent if it either arrives at "a conclusion opposite to that reached by [the Supreme] Court on a question of law" or "confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite" to that of the Supreme Court. Williams v. Taylor, 529 U.S. 362, 406 (2000). A state court

4

decision "involves an unreasonable application" of Supreme Court law "if the state court identifies the correct governing legal principle from [the Supreme] Court's cases but unreasonably applies it to the facts of the state prisoner's case." Id. at 407. A state court decision also may apply Supreme Court law unreasonably if it extends existing Supreme Court precedent to a new context where it does not apply, or unreasonably refuses to extend existing precedent to a new context where it should apply. Id. The applicable statute

> does not require that a state court cite to federal law in order for a federal court to determine whether the state court's decision is an objectively reasonable one, nor does it require a federal habeas court to offer an independent opinion as to whether it believes, based upon its own reading of the controlling Supreme Court precedents, that the [petitioner's] constitutional rights were violated during the state court proceedings.

Bell v. Jarvis, 236 F.3d 149, 160 (4th Cir. 2000), cert. denied, 534 U.S. 830 (2001). Moreover, a determination of a factual issue made by a state court is presumed correct, unless rebutted by clear and convincing evidence. See 28 U.S.C. § 2254(e)(1).

2. Analysis

a. Perfect Self Defense

In his first claim, petitioner attacks the sufficiency of the evidence used to convict him of voluntary manslaughter, assault with a deadly weapon inflicting serious injury, and discharging a firearm into an occupied vehicle pursuant to the Due Process Clause of the Fifth Amendment to the United States Constitution and the United States Supreme Court's ruling in Jackson v. Virginia, 443 U.S. 307 (1979). In support of his claim, petitioner argues that the State's own evidence establishes

5

perfect self-defense. The North Carolina Court of Appeals adjudicated this claim and found it to be without merit. Specifically, the court of appeals found:

> Perfect self-defense is a complete defense "and requires a verdict of not guilty, not only as to the charge of murder in the first degree but as to all lesser included offenses as well." State v. Norris, 303 N.C. 526, 530, 279 S.E.2d 570, 573 (1981). In order for perfect self-defense to justify a killing, the following four elements must be present at the time of the killing:
>
>> (1) it appeared to defendant and he believed it to be necessary to kill the deceased in order to save himself from death or great bodily harm; and
>>
>> (2) defendant's belief was reasonable in that the circumstances as they appeared to him at the time were sufficient to create such a belief in the mind of a person of ordinary firmness; and
>>
>> (3) defendant was not the aggressor in bringing on the affray, i.e., he did not aggressively and willingly enter into the fight without legal excuse or provocation; and
>>
>> (4) defendant did not use excessive force, i.e., did not use more force than was necessary or reasonably appeared to him to be necessary under the circumstances to protect himself from death or great bodily harm.
>
> Id. at 530, 279 S.E.2d at 572–73. If defendant "was the aggressor in bringing on the difficulty, or defendant used excessive force, the defendant under those circumstances has only the imperfect right of self-defense, having lost the benefit of perfect self-defense, and is guilty at least of voluntary manslaughter." Id. at 530, 279 S.E.2d at 573. "The above principles are equally applicable when a person acts in defense of a family member." State v. Irby, 113 N.C. App. 427, 433, 439 S.E .2d 226, 231 (1994).

6

> When there is some evidence in a case that a defendant acted in self-defense, it is well established that "[t]he burden is upon the State to prove beyond a reasonable doubt that the defendant did not act in self-defense. . . ." State v. Herbin, 298 N.C. 441, 445, 259 S.E.2d 263, 267 (1979). "However, . . . the test on a motion to dismiss is whether the State has presented substantial evidence which, taken in [the] light most favorable to the State, is sufficient to convince a rational trier of fact the defendant did not act in self-defense." State v. Gilreath, 118 N.C. App. 200, 208, 454 S.E.2d 871, 876 (1995). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." State v. Smith, 300 N.C. 71, 78–79, 265 S.E.2d 164, 169 (1980).
>
> In the present case, defendants argue that the State's own evidence unequivocally establishes that the shooting was committed in defense of self and family. We disagree.
>
> First, although both Staton and Lovette testified that the first shots were fired from inside the vehicle, Collier testified that the first shots were fired from outside the vehicle as the vehicle was approaching defendants' residence. Second, testimony also revealed that defendants continued to fire shots at the vehicle after the vehicle had passed defendants' residence and was driving away. Viewing this evidence in the light most favorable to the State, we find the evidence sufficient to raise questions for the jury as to whether defendants were the aggressors in bringing on the affray or whether defendants used excessive force to repel an attack.
>
> Despite the evidence, defendants additionally argue that even if they fired the first shot or continued to fire after the vehicle had passed, self-defense and defense of family includes reasonably responding to repel an apparent or imminent threat. While defendants are correct in their assertion, the reasonableness of their apprehension and response are questions for the jury to decide. See Herbin, 298 N.C. at 447, 259 S.E.2d at 268 ("The reasonableness of [defendants'] belief[s] is to be determined by the jury from the facts and circumstances as they appeared to the defendant[s] at the time of the killing."); see also State v. Marsh, 293 N.C. 353, 237 S.E.2d 745 (1977); State v. Kirby, 273 N.C. 306, 160 S.E.2d 24 (1968). Therefore, the trial court did not err in denying defendants' motion to dismiss.

Taft, 2013 WL 602999, at *2-3.

Although claims of insufficient evidence are cognizable on collateral review, a federal court's review of such a claim is "sharply limited." Wright v. West, 505 U.S. 277, 296 (1992). The standard of review for a claim of insufficient evidence on habeas corpus review is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. Id. at 284; Jackson, 443 U.S. at 319.

Based upon the above-stated findings by the state court, there was evidence sufficient to raise questions for the jury as to whether petitioner was the aggressor in bringing on the affray or whether petitioner used excessive force to repel an attack. The determination of a factual issue made by a state court is presumed correct, unless rebutted by clear and convincing evidence. See 28 U.S.C. § 2254(e)(1). Petitioner has not met his burden. Moreover, the reasonableness of petitioner's apprehension and response to the passengers in the car were questions for the jury to decide, and this court must defer to the jury's assignment of credibility to witnesses at trial. See Wensell v. McBride, No. 3:06-CV-4, 2007 WL 2220603, * 10, n. 9 (N.D.W.Va. July 27, 2007) appeal dismissed, 2008 WL 539897 (4th Cir. 2008). Thus, petitioner has not demonstrated that the court of appeals' adjudication of this claim resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. Likewise, the state court's ruling was not based on an unreasonable determination of facts, in light of the evidence presented in the state-court proceeding. See 28 U.S.C. § 2254(d)-(e).

b.   Self-Defense Jury Instruction

In his second claim, petitioner argues that the trial court violated his rights pursuant to the Fourteenth Amendment's due process clause when it issued an instruction on self-defense that was inaccurate, incomplete, and misleading because it failed to state that petitioner had no duty to retreat before using deadly force against the deadly force allegedly raised against him. Petitioner raised this claim in the North Carolina Court of Appeals. The court of appeals adjudicated this claim and denied it on its merits. In support of its finding, the court of appeals reasoned as follows:

> As previously noted, "[arguments] challenging the trial court's decisions regarding jury instructions are reviewed de novo by this Court." Osorio, 196 N.C.App. at 466, 675 S.E.2d at 149. Yet, "[a] party may not make any portion of the jury charge or omission therefrom the basis of an issue presented on appeal unless the party objects thereto before the jury retires . . . ." N.C.R. App. P. 10(a)(2); see also, McNeill, 350 N.C. at 691, 518 S.E.2d at 507.
>
> In this case, defendants failed to object to the instructions at trial. However, defendants now assert that the lack of a no duty to retreat instruction and the inclusion of an instruction on initial aggressors amount to plain error. Plain error arises when the error is " 'so basic, so prejudicial, so lacking in its elements that justice cannot have been done[.]'" State v. Odor, 307 N.C. 655, 660, 300 S.E.2d 375, 378 (1983) (quoting United States v. McCaskill, 676 F.2d 995, 1002 (4th Cir. 1982). "Under the plain error rule, defendant must convince this Court not only that there was error, but that absent the error, the jury probably would have reached a different result." State v. Jordan, 333 N.C. 431, 440, 426 S.E.2d 692, 697 (1993).
>
> Specifically regarding the lack of a no duty to retreat instruction, defendants argue that because self-defense and defense of family were their primary defenses, it was plain error not to give an instruction on the issue of retreat. This argument is analogous to the issues addressed in State v. Morgan, 315 N.C. 626, 340 S.E.2d 84 (1986), and State v. Effler, 207 N.C. App. 91, 698 S.E.2d 547 (2010). In Morgan and Effler, our Courts acknowledged that it was error not to provide an instruction on the issue of retreat but held the defendants had not carried their burden of showing plain error. See Morgan, 315 N.C. at 647, 340 S.E.2d at 97 ("Our review of the whole record fails to convince us that absent the error, the jury probably

9

would have reached a different verdict."); Effler, 207 N.C. App. at 101, 698 S.E.2d at 553 ("Viewing the evidence in the present case, we conclude that the jury would have reached the same verdict if the jury was instructed that defendant did not have a duty to retreat in the curtilage of his home."). Likewise, we acknowledge the trial court's error but conclude defendants have failed to demonstrate that the jury probably would have reached a different result absent the error.

In the present case, defendants were charged with murder, assault with a deadly weapon with intent to kill and inflicting serious injury, and discharging a weapon into an occupied vehicle while in operation. At trial, the State's case centered on proving defendants were the aggressors and used excessive force. Then, while providing the jury charge on murder, the trial court instructed the jury on lesser included offenses and explained that "if the State proves beyond a reasonable doubt that the defendant, though otherwise acting in self-defense, used excessive force or was the aggressor, though the defendant had no murderous intent when the defendant entered the fight, the defendant[s] would be guilty of Voluntary Manslaughter." Following deliberations, the jury ultimately found defendants guilty of voluntary manslaughter.

The Pattern Jury Instruction on the issue of retreat requested by defendants provides:

> If the defendant was not the aggressor and the defendant was [in the defendant's own home] [on the defendant's own premises] [in the defendant's place of residence] [at the defendant's workplace] [in the defendant's motor vehicle] [at a place the defendant had a lawful right to be], the defendant could stand the defendant's ground and repel force with force regardless of the character of the assault being made upon the defendant. However, the defendant would not be excused if the defendant used excessive force.

N.C.P.I.-Crim. 308.10 (2012) (footnote omitted). In accordance with the language of the pattern instruction, the duty not to retreat only becomes a factor for the jury's consideration when defendants are

10

> found not to have been the initial aggressors or to have used excessive force.
>
> Where sufficient evidence exists that defendants were the initial aggressors or used excessive force and where
>
>> [n]either the instruction given at trial, nor the instruction sought by defendant on appeal, excuse defendant if he used excessive force or was the aggressor in the affray[,] ... defendant has not shown that the jury would have reached a different verdict absent the trial court's refusal to instruct on the duty not to retreat.
>
> Effler, 207 N.C.App. at 100, 698 S.E.2d at 553. Thus, "defendant has not carried his burden of showing 'plain error.'" Morgan, 315 N.C. at 647, 340 S.E.2d at 97.
>
> In regard to the instruction concerning initial aggressors, defendants contend there was insufficient evidence to support a finding that defendants were the initial aggressors and therefore the trial court erred in providing the instruction to the jury. We disagree. As previously discussed, sufficient evidence exists to permit the instruction on initial aggressors.

Taft, 2013 WL 602999, at *6-8.

Generally, jury instructions are matters of state law and procedure not cognizable on federal habeas review. See Bates v. Lee, 308 F.3d 411, 420 (4th Cir. 2002). A federal habeas court's review of allegedly erroneous jury instructions is limited to assessing whether the instruction "so infected the entire trial that the resulting conviction violates due process." Estelle v. McGuire, 502 U.S. 62, 67–68 (1991); Cupp v. Naughten, 414 U.S. 141, 147 (1973) ("[T]he question is not whether the trial court failed to isolate and cure a particular ailing instruction, but rather whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process."). In addition, "a single instruction to a jury may not be judged in artificial isolation, but must be viewed in the context of the overall charge." Cupp, 414 U.S. at 146–47.

11

Here, petitioner argues that the jury should have been instructed that he had no duty to retreat before using deadly force against the deadly force used against him. However, the requested instruction applies only where the defendant was not the aggressor. As stated above, the jury found petitioner guilty of voluntary manslaughter pursuant to the trial court's instruction that the jury must do so if the jury determined that petitioner was acting in self defense, but used excessive force or was the aggressor. Accordingly, it is reasonable to conclude the jury determined that petitioner acted as the aggressor or used excessive force. Additionally, the court of appeals determined that there was sufficient evidence in the record to establish that petitioner was the aggressor or used excessive force in that the record reflects that Staton testified at trial that he saw flashes in the back window of the car involved with the shoot out as the car was driving away and because Collier testified that the first shots came from outside of the car. See Taft, 2013 WL 602999, at *2, 3; (TR. pp. 242, 297, 350.) Moreover, the court of appeals' factual determinations are presumed correct, unless rebutted by clear and convincing evidence. See 28 U.S.C. § 2254(e)(1); Taft, 738 S.E.2d at *2, 3. Petitioner has not presented evidence sufficient to rebut the presumption permitted the court of appeals' factual determinations or to establish that the failure of the trial judge to give the requested instruction rendered the entire trial fundamentally unfair.

For these reasons, petitioner has not demonstrated that the court of appeals' adjudication of this claim resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. Likewise, the state court's ruling was not based on an unreasonable determination of facts, in light of the evidence presented in the state-court proceeding. See 28 U.S.C. § 2254(d)-(e).

c.   Ineffective Assistance of Counsel

In his final claim, petitioner contends that he received ineffective assistance of trial counsel. The Sixth Amendment right to counsel includes the right to the effective assistance of counsel. Strickland v. Washington, 466 U.S. 668, 686 (1984). To prevail on a claim of ineffective assistance of counsel, a habeas petitioner must establish a two-prong test. First, a petitioner must show that the counsel's performance was deficient in that it was objectively unreasonable under professional standards prevailing at the time. Id. This court must be "highly deferential" of counsel's performance and must make every effort to "eliminate the distorting effects of hindsight." Id. at 689. Petitioner must overcome "a strong presumption that counsel's representation was within the wide range of reasonable professional assistance" and establish "that counsel made errors so serious that counsel was not functioning as the counsel guaranteed [him] by the Sixth Amendment." Harrington v. Richter, 131 S.Ct. 770, 787 (2011). For the second prong, petitioner must show there is a "reasonable probability" that, but for the deficiency, the outcome of the proceeding would have been different. Id. at 694. Even then, however, habeas relief may be granted under Strickland only if the "result of the proceeding was fundamentally unfair or unreliable." Lockhart v. Fretwell, 506 U.S. 364, 369 (1993); Sexton v. French, 163 F.3d 874, 882 (1998).

Petitioner alleges that he received ineffective assistance of counsel because his trial counsel failed to object to a self defense jury instruction which was legally erroneous and lowered the State's burden of proof. Specifically, petitioner contends that the trial court's jury instruction was inaccurate because it failed to state that petitioner had no duty to retreat before using deadly force against the deadly force raised against him. Although petitioner did not raise this ineffective assistance of counsel claim in state court, as stated, he did challenge the trial court's failure to

13

instruct the jury that petitioner had no duty to retreat in the court of appeals. The court of appeals adjudicated the claim and found it to be meritless.

Having determined that the trial court's failure to instruct the jury that petitioner had no duty to retreat did not prejudice the fairness of the trial itself, no ineffective assistance of counsel can be found. Further, as discussed above, the court of appeals determined that the substance of the jury instruction given at petitioner's trial did not excuse petitioner if he used excessive force or was the aggressor, and that there was sufficient evidence in the record to establish that petitioner was the aggressor or used excessive force. Based upon the foregoing, even if petitioner could establish that his counsel acted unreasonably in not requesting the no duty to retreat jury instruction, petitioner has not established that there is a reasonable probability that, but for his counsel's unprofessional errors, the result of the proceeding would have been different. Petitioner further has not established that the result of the proceeding was fundamentally unfair or unreliable. Therefore, respondent is entitled to summary judgment for petitioner's ineffective assistance of counsel claim.

B.  Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases ("Habeas Rules") provides "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Having determined petitioner is not entitled to relief and respondent is entitled to dismissal of the petition, the court considers whether petitioner is nonetheless entitled to a certificate of appealability with respect to one or more of the issues presented in his habeas petition.

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, the petitioner must demonstrate

14

reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

Where a petitioner's constitutional claims are dismissed on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition [or motion] states a valid claim of denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Rose v. Lee, 252 F.3d 676, 684 (4th Cir. 2001) (quoting Slack, 529 U.S. at 484). "Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." Slack, 529 U.S. at 484-85.

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court finds reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong and none of the issue are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is denied.

15

Case 5:14-hc-02124-FL   Document 11   Filed 02/27/15   Page 15 of 16

## CONCLUSION

For the foregoing reasons, respondent's motion for summary judgment (DE 6) is GRANTED. The Certificate of Appealability is DENIED. The Clerk of Court is DIRECTED to close this case.

SO ORDERED, this the 26th day of February, 2015.

_____
LOUISE W. FLANAGAN
United States District Judge